United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN POSADAS,<br><br>        Petitioner,<br><br>  v.<br><br>MICHAEL MARTEL, Warden,<br><br>        Respondent.<br>_____ | No. C 08-4341 MMC (PR)<br><br>**ORDER TO SHOW CAUSE** |

On September 16, 2008, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Together with the petition, petitioner filed an application for leave to proceed in forma pauperis ("IFP"). On review of petitioner's IFP application, the Court determined petitioner was able to afford the $5.00 filing fee. Consequently, the Court denied petitioner's motion to proceed IFP and directed petitioner to pay the fee. As petitioner has now paid the fee, the Court will review the petition.

**BACKGROUND**

In 2004, in the Superior Court of Santa Clara County, petitioner was found guilty of possession of a firearm by a felon and kidnaping, the latter with an enhancement for personal use of a firearm. Additionally, he was found to have a prior strike conviction under California's Three Strikes Law. Petitioner was sentenced to a term of twenty-five years to

life in state prison. The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review. Most recently, the California Supreme Court denied petitioner's application for state habeas relief.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Petitioner's Claims

Petitioner claims his conviction violates his federal constitutional rights because (1) he was denied his Sixth Amendment right to confrontation and his Fourteenth Amendment due process right to a fair trial when (a) as the result of prosecutorial misconduct and trial court error, he was not allowed to cross-examine prosecution witness Vasquez, (b) the trial court did not allow him to cross-examine the victim with respect to the victim's involvement in a criminal conspiracy, and (c) the trial court did not allow him to cross-examine the victim with respect to the victim's prior criminal behavior involving dishonesty; (2) he was denied effective assistance of counsel, in violation of the Sixth Amendment; (3) he was denied his Sixth Amendment right to a jury trial and to present a full defense when the trial court denied his motion for a new trial on grounds of newly-discovered evidence; and (4) cumulative error. Liberally construed, petitioner's claims are cognizable.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail <u>a copy of this order, the petition and all attachments thereto (Docket No. 1)</u> on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for

failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

DATED: July 8, 2009

_____
MAXINE M. CHESNEY
United States District Judge

4