IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN POSADAS, | No. C 08-4341 MMC (PR) |
|     Petitioner, | **ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; GRANTING REQUEST FOR EXTENSION OF TIME TO FILE TRAVERSE** |
| v. | |
| MICHAEL MARTEL, Warden, | |
|     Respondent. _____/ | **(Docket Nos. 10, 13, 15)** |

On September 16, 2008, petitioner Juan Posadas, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thereafter, the Court directed respondent to show cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent proceeded to file an answer to the petition and also filed an administrative motion under Civil Local Rule 3-12 to relate to petitioner's case another pending habeas action filed by petitioner's co-defendant, Vasquez v. Felker, No. C 08-5051 SI. By order filed October 26, 2009, the Court denied respondent's motion to relate the cases.

Now pending before the Court are two requests for appointment of counsel, the first filed October 13, 2009, by petitioner himself, and the second filed October 28, 2009, on petitioner's behalf by Tara Mulay ("Mulay"), a staff attorney with the First District Appellate Project, who was appointed by the Sixth District Court of Appeal to represent petitioner in his state court appeal and seeks appointment to represent petitioner herein.

1    Petitioner cites various grounds in support of his request.  First, petitioner states that at
2 the time of his conviction he was an informant for the Bureau of Narcotics Enforcement
3 ("BNE"), which agency is part of the California Department of Justice ("DOJ"), Office of the
4 Attorney General, the same office that represents respondent in the instant action.  Petitioner
5 further states that he continues to assist the DOJ with ongoing investigations and
6 prosecutions.  In the instant petition, petitioner calls into question certain actions of DOJ
7 agents that he claims affected the outcome of his trial.  Petitioner summarizes his position
8 with respect to the above as follows:  "Because this petition revolves around many complex
9 questions to DOJ agents who are likely to side with their employer, and because their
10 employer is representing respondent in this case, I feel my interests can better be represented
11 by professional counsel."  (Request for Appt of Counsel at 3:15-18.)  Additionally, petitioner
12 asserts, he is entitled to the appointment of counsel because he is indigent, is "in no position
13 to investigate crucial facts," and is unfamiliar with case law and conducting legal research.
14 (Id. at 6.)

15    As additional support for petitioner's request is a declaration filed by Mulay, in which
16 she asserts that she or other counsel should be appointed to represent petitioner because the
17 adjudication of petitioner's claims requires analysis of complex federal questions concerning
18 (1) whether petitioner's right to confrontation was violated by the prosecutor's questioning of
19 petitioner's co-defendant, Vasquez, about a threat Vasquez allegedly made to the victim,
20 which threat was then reported to the prosecution by BNE agents, (2) whether the trial court
21 wrongly excluded evidence concerning the victim's prior bad acts, and (3) whether defense
22 counsel was ineffective for failing to present evidence of a 911 call made by the victim.
23 Mulay further states that, because of her prior representation of petitioner on appeal in state
24 court, she is already familiar with the underlying facts of the case and the applicable legal
25 principles and is of the view that petitioner is unable to "adequately articulate and present his
26 claims to this Court and respond to the state's argument in pro se."  (See Mulay Decl.
27 (attached to Application for Appt of Counsel, filed Oct. 26, 2009).)

28    The Sixth Amendment's right to counsel does not apply in habeas actions.  Knaubert

v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).  Pursuant to statute, however, a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."  See 18 U.S.C. § 3006A(a)(2)(B).  Here, given the record presented to date, the Court finds appointment of counsel is not required.  Specifically, petitioner's claims have been adequately presented in the petition, and the arguments made in support of petitioner's claims are further articulated in the briefs prepared by Mulay as petitioner's state appellate counsel, and have been placed in context by the exhibits lodged by respondent in support of the answer, including the state trial transcripts, and the detailed opinion of the California Court of Appeal.  Further, at this early stage of the proceedings, the Court is not in a position to determine whether an evidentiary hearing will be required.  In sum, the interests of justice do not require appointment of counsel in the instant case at this time.  Should the circumstances change materially at a later stage of the litigation, the Court will reconsider this decision sua sponte.

Accordingly, the requests for appointment of counsel (Docket Nos. 10 and 13) are hereby DENIED.

Also before the Court is petitioner's request for an extension of time to file a traverse to the answer (Docket No. 15).  Good cause appearing, the request for an extension is hereby GRANTED.  Petitioner shall file his traverse on or before **January 15, 2010**.  The petition will be deemed submitted for the Court's review on the date the traverse is due.

This order terminates Docket Nos. 10, 13 and 15.

IT IS SO ORDERED.

DATED: December 7, 2009

MAXINE M. CHESNEY
United States District Judge